ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| MIGUEL ÁNGEL MONTES TORRES<br><br>Recurrido<br><br>v.<br><br>ÁNGEL ANTONIO OCASIO MARTIN<br><br>Peticionario | KLCE202400688 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br><br>BY2023CV00571<br><br>Salón: 502<br><br>Sobre:<br><br>Liquidación de Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 8 de julio de 2024.

Comparece el Sr. Ángel A. Ocasio Martin (el señor Ocasio Martin o Peticionario), mediante el presente recurso de *certiorari*, y solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 19 de marzo de 2024 y notificada el 20 de marzo de 2024. Mediante el referido dictamen, el TPI ordenó al Peticionario a descubrir lo solicitado, so pena de sanciones económicas.

Por los fundamentos que exponemos a continuación, procedemos a **denegar** la expedición del recurso ante nuestra consideración.

-I-

La controversia ante nos tiene su génesis el **1 de febrero de 2023** con la radicación de una *Demanda* sobre División y Liquidación de Comunidad de Bienes; Daños y

Número Identificador

RES2024_____

Perjuicios por parte del Sr. Miguel Ángel Montes Torres (el señor Montes Torres o Recurrido). En esta, adujo que pagó un proyecto de remodelación en una propiedad privativa del Peticionario. Solicitó la devolución del valor de lo pagado o la participación proporcional en el aumento en valor de dicho bien como consecuencia de la mejora, lo que sea mayor al tiempo de la disolución. También reclamó $20,000.00 por daños emocionales y honorarios de abogado por temeridad y frivolidad.[1]

En respuesta, el **10 de abril de 2023**, el Peticionario radicó una *Contestación a Demanda y Reconvención.* Informó que las partes otorgaron capitulaciones matrimoniales previo a su matrimonio y después de la remodelación a la propiedad privativa del Peticionario. Además, alegó que el Recurrido no reservó para sí el dinero invertido en la propiedad privativa del Peticionario, porque esa nunca fue la intención de las partes.[2]

El recurrido radicó una *Contestación a Reconvención y Solicitud de Enmienda a Demanda* el **17 de mayo de 2023**. Aclaró que el recurrido contrató los servicios de un contratista previo al matrimonio y no durante la vigencia del este.[3] Al otro día, el TPI permitió la enmienda mediante *Orden*, notificada el 19 de mayo de 2023.[4] Cónsono con la anterior, el **24 de mayo de 2023** el Recurrido radicó *Demanda Enmendada*.[5]

Por otro lado, el **13 de junio de 2023** el peticionario radicó una *Moción en Solicitud de Desestimación*. Planteó que las alegaciones de la

---

[1] Apéndice del Recurso, págs. 1-4.
[2] Íd., págs. 5-14.
[3] Íd., págs. 15-23.
[4] Íd., pág. 24.
[5] Íd., págs. 25-28.

demanda, según enmendada, no justifican la concesión de un remedio a favor del Recurrido en este caso. Destacó que no existe una comunidad de bienes que haya que liquidar entre las partes, ni el Recurrido se constituye como un edificante de buena fe.[6] El **2 de agosto de 2023** el Recurrido radicó una *Moción en Oposición a Desestimación*.[7] Ese mismo día, el TPI declaró No Ha Lugar la *Moción de Desestimación*.[8]

Así las cosas, el **13 de agosto de 2023**, el Peticionario radicó una *Contestación a la Demanda Enmendada*.[9]

Surge del expediente que el **23 de octubre de 2023**, el Recurrido envió al peticionario un *Primer Pliego de Interrogatorio y Producción de Documentos*.[10] Tras varios trámites procesales, el **6 de febrero de 2024**, el Peticionario informó que notificó al Recurrido la *Contestación a Interrogatorio y Producción de Documentos*.[11] El **14 de marzo de 2024**, notificada en esa misma fecha, el TPI dictó una *Orden*, disponiendo como último día de descubrimiento de prueba el 31 de julio de 2024.[12]

El **15 de marzo de 2024**, el Recurrido radicó una *Moción al Amparo de la Regla 34.2 para que se Ordene a Descubrir lo Solicitado y Concesión de Gastos*.[13] Luego, el **19 de marzo de 2024**, el TPI dictó una *Orden*, notificada al día después, requiriendo que en el término

---

[6] Apéndice del Recurso, págs. 29-40.
[7] Íd., págs. 41-53.
[8] Íd., págs. 54-55.
[9] Íd., págs. 56-63.
[10] Íd., pág. 72.
[11] Íd., pág. 81.
[12] Apéndice del Recurso, pág. 82.
[13] Íd., págs. 90-104.

de cinco (5) días se descubriera lo solicitado, so pena de sanciones económicas.[14]

Insatisfecho, el **1 de abril de 2024** el Peticionario radicó una *Oposición a Moción al Amparo de la Regla 34.2 para que se Ordene a Descubrir lo Solicitado y Concesión de Gastos; Reconsideración y Solicitud de Orden Protectora al Amparo de la Regla 23.2 de las de Procedimiento Civil de 2009, según enmendadas*. Alegó que el TPI dispuso del asunto negándole la oportunidad de réplica al Peticionario para oponerse, según requiere el debido proceso de ley.[15]

En su oposición, el Peticionario también solicitó una Orden Protectora. Adujo que con el descubrimiento de prueba el Recurrido pretende que el Peticionario renuncie al derecho constitucional de intimidad y privacidad que le asiste a sus hijos y a él, requiriéndole divulgar información sobre su familia, sus finanzas y los asuntos relacionados a los gastos de sus hijos, como parte de una reclamación sobre una única causa de acción relacionada al costo de una remodelación que el Recurrido aduce realizó sobre un bien privativo del Peticionario.[16]

Diez días después, el Peticionario informó al TPI que suplementó la solicitud de producción de documentos del Recurrido.[17]

El **17 de abril de 2024**, el TPI le requirió al Recurrido que explicara la pertinencia de lo solicitado, considerando que las partes se contrajeron nupcias con capitulaciones matrimoniales, mediante *Orden* notificada

---

[14] Íd., pág. 105.
[15] Íd., págs. 106-112.
[16] Íd.
[17] Íd., pág. 113.

19 de abril de 2024.[18] El **26 de abril de 2024**, el Recurrido radicó una *Moción en Cumplimiento de Orden*.[19]

El **22 de mayo de 2024**, el TPI dictó una *Orden* dando por cumplido lo ordenado por el TPI.[20] Ese mismo día, dictó una *Resolución* proveyendo No Ha Lugar la reconsideración y solicitud del Peticionario. Además, el foro primario le concedió quince (15) días al Peticionario para contestar los interrogatorios y producir lo documentos requeridos, so pena de severas sanciones económicas.[21] El Peticionario solicitó una prórroga el **6 de junio de 2024**.[22]

Inconforme aún, el **21 de junio de 2024**, el Peticionario compareció ante esta Curia y expuso el siguiente señalamiento de error:

> Erró y abusó de su discreción el TPI, mediando pasión, perjuicio y error manifiesto, al no haber evaluado y tomado en consideración que la información solicitada no es pertinente y que la moción del recurrido en cumplimiento de orden no cumplió con la Orden del TPI del 17 de abril de 2023, por lo que debió haberse emitido la Orden Protectora Solicitada o en la alternativa haberse concedido la vista argumentativa solicitada por el peticionario para atender la controversia en torno al descubrimiento de prueba. Máxime cuando es el tercer cambio de juez desde que inició el caso.

Resumidos los hechos que originan la presente controversia, examinemos el derecho aplicable.

-II-
### A. Certiorari

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor

---

[18] Apéndice del Recurso, pág. 115.
[19] Íd., págs. 116-120.
[20] Íd., pág. 121.
[21] Íd., págs. 122-123.
[22] Íd., págs. 124-125.

jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[23] Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[24] Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción".[25] Asimismo, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa.[26] Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta.[27] Esto, por razón de que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría un abuso de discreción.

**B. Regla 40 del Reglamento del Tribunal de Apelaciones**

La Regla 40 de nuestro Reglamento[28], establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. La aludida regla establece lo siguiente:

> **El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:**
>
> **(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.**

---

[23] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 2020 TSPR 104, 205 DPR 163 (2020), *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

[24] *Negrón v. Secretario de Justicia,* 154 DPR 79, 91 (2001).

[25] *García v. Padró*, 165 DPR 324, 334 (2005).

[26] *Id.,* a las págs. 334-335.

[27] *Id.,* a la pág. 335.

[28] 4 LPRA Ap. XXII-B.

**(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.**

**(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.**

**(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.**

**(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.**

**(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.**

**(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[29]**

Este Tribunal solo puede intervenir con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con perjuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo.[30] Si bien es cierto que determinar si un tribunal ha abusado de su discreción no es tarea fácil, ello ciertamente está relacionado de forma estrecha con el concepto de razonabilidad.

**-III-**

En síntesis, el Peticionario aduce que erró el TPI al no haber tomado en consideración que la información

---

[29] 4 LPRA Ap. XXII-B, R. 40.
[30] *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

solicitada no es pertinente y que la moción del recurrido en cumplimiento de orden no cumplió con lo ordenado por el TPI. Argumentó que debió haberse emitido la orden protectora o concedido la vista argumentativa solicitada por el peticionario para atender la controversia en torno al descubrimiento de prueba. Luego de llevar a cabo un examen minucioso del recurso ante nos, y de revisar los criterios de la Regla 40, *supra,* concluimos que no existen razones que justifiquen nuestra intervención con la determinación recurrida.

Como tribunal revisor, solo debemos intervenir con las determinaciones interlocutorias del foro primario cuando se demuestre que este último actuó con prejuicio, parcialidad, con craso abuso de su discreción o se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Determinamos que el TPI no abusó de su discreción mediante la *Orden* emitida.

**-IV-**

Por los fundamentos antes expuestos se **deniega** el recurso de *certiorari*.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*